UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
WENDY DOE, et al.,

                       Plaintiffs,

     - against -

JOHN MATTINGLY, et al.,

                      Defendants.
--------------------------------------------------X

**MEMORANDUM
AND ORDER**

06 CV 5761 (JBW)

On October 25, 2006, plaintiff Wendy Doe filed suit individually and on behalf of her infant child, Baby Doe, pursuant to 42 U.S.C. § 1983, seeking damages from defendant City of New York, along with individually named defendants (collectively "City defendants"). Plaintiffs allege in their Complaint, inter alia, that officials from the Administration for Children's Services improperly entered their home, and conducted inappropriate strip searches of Baby Doe.

The parties have reached a settlement wherein defendants will pay a total sum of $55,000 to satisfy fully all claims for costs, expenses, attorneys' fees and interest. (See Kubitschek Decl. ¶ 7; Doe Decl. ¶6).[1] As part of the settlement, the City defendants have also agreed not to enter Wendy Doe's home, remove Baby Doe from Wendy Doe's custody, or conduct body or strip searches of Baby Doe. On June 28, 2007, the district court so ordered the stipulation of discontinuance and settlement. On July 27, 2007, the parties consented to have the undersigned conduct an infant compromise hearing and approve the settlement in this matter.

_____

[1]Citations to "Kubitschek Decl." refer to the Declaration of Carolyn A. Kubitschek, Esq., counsel for plaintiffs, dated July 26, 2007; citations to "Doe Decl." refer to the Declaration of Wendy Doe, dated July 20, 2007. These documents have been filed under seal because they contain confidential information about the infant plaintiff.

## BACKGROUND

At the infant compromise hearing conducted on July 27, 2007 ("hearing"), and in supporting declarations, plaintiffs propose that the total settlement of $55,000 be allocated as follows: $16,500 to Wendy Doe, $16,500 to be placed in trust for Baby Doe, and $22,000 to Lansner & Kubitschek as reimbursement for expenses and attorneys' fees. (See Kubitschek Decl. ¶ 7; Doe Decl. ¶6). Defendants have taken no position on the division of the settlement, but represent that the agreement was reached though arms-length negotiations with opposing counsel. In support of the proposed settlement, plaintiffs have submitted declarations of Wendy Doe, Baby Doe's father, and Carolyn A. Kubitschek, who is a partner at the law firm of Lansner & Kubitschek, which represents plaintiffs. At the infant compromise hearing, the Court approved the overall settlement amount of $55,000, but reserved decision on the allocation of attorneys' fees and the portion of the settlement to be distributed to Baby Doe.

Lansner & Kubitschek seeks approval for attorneys' fees and costs of $22,000, which is 40% of the total settlement amount. For the reasons stated below, this Court finds that the proposed settlement is not fair or in the best interests of the child, and accordingly directs that the total settlement be modified as follows: Wendy Doe is to receive $16,500; Baby Doe is to receive $18,500; and Lansner & Kubitschek is to receive $20,000 for attorneys' fees and costs.

## DISCUSSION

### A. Infant Compromise Proceedings

Where, as here, a plaintiff is an infant, the settlement must be reviewed by the Court to

determine whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable. See Local Civil Rule 83.2(a); N.Y. C.P.L.R. §§ 1205-1208; N.Y. Jud. Law § 474.

### 1) Fairness of the Total Settlement Amount

There is no bright-line test for concluding that a particular settlement is fair. See, e.g., Newman v. Stein, 464 F.2d 689, 692-93 (2d Cir.), cert. denied, 409 U.S. 1039 (1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently . . . ." Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988).

Courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child and accordingly deference should be given to the guardian's or parent's decision as to the fairness of the settlement. See Sabater v. Lead Industries Ass'n, Inc., No. 00 CV 8026, 2001 WL 1111505, at *3-4 (S.D.N.Y. Sept. 21, 2001); Stahl v. Rhee, 220 A.D.2d 39, 45, 643 N.Y.S.2d 148, 153 (2d Dep't 1996).

Counsel have represented to this Court that this settlement was reached after arm's length negotiations, and that the attorneys have no direct or indirect interest in the matter, and that they

3

will receive no compensation beyond the amount approved by the Court. It is also clear that in negotiating the proposed settlement neither Wendy Doe nor plaintiffs' counsel sacrificed the infant plaintiff's interests in order to achieve a greater settlement amount for themselves,[2] and that the infant plaintiff's interests were sufficiently considered.

Accordingly, having weighed the nature of the injuries claimed by plaintiffs, the amount of the settlement, and the non-monetary relief that plaintiffs attained, this Court finds that the total amount agreed upon is fair and reasonable.

### 2) Investment and Maintenance of Infant's Funds

With regard to the disposition of the settlement proceeds, plaintiffs have specified that the settlement proceeds allocated to Baby Doe are to be deposited in an interest-bearing account in his name. (See Proposed Order at 2).[3] By letter dated July 30, 2007, plaintiffs indicated that an account was opened at a Citibank located at 164 Canal Street, New York, N.Y. 10013. The funds for Baby Doe must be invested in an account yielding the highest rate of interest, and no one will be permitted to withdraw funds from the account without court order prior to Baby Doe's eighteenth birthday. The Bank will act as fiduciary over the accounts, and is responsible for protecting the interests of the infant plaintiff.

---

[2] Cf. Morales v. Abdelhadi, No. 98 CV 1077, 1999 WL 350873, at *1 (S.D.N.Y. June 1, 1999) (noting that the court could not certify that the settlement was in the best interests of the child where the infant received no payment at all and the mother received $7,500.00 for injuries incurred in a vehicle accident).

[3] Citations to "Proposed Order" refer to plaintiffs' proposed Order of Compromise, submitted to this Court prior to the infant compromise hearing. The Court notes that this document is filed under seal because it contains confidential information about the infant plaintiff.

Under these circumstances, this Court finds the creation of an account on behalf of Baby Doe as set forth above will serve to "best protect the interest of the infant." Local Civil Rule 83.2(a)(3).

### 3) Attorneys' Fees

The Court must also determine the reasonableness of the attorneys' fees sought by plaintiffs' counsel. Under N.Y. Judiciary Law § 474, the criterion for determining the appropriate amount of attorneys' fees to be awarded in the context of an infant compromise proceeding is "suitable compensation for the attorney for his service therein . . . [on] behalf of the said infant." See Werner v. Levine, 52 Misc. 2d 653, 655, 276 N.Y.S.2d 269, 271 (Sup. Ct. 1967). Although Wendy Doe has agreed to the amount of fees requested in both her declaration and in her retainer agreement (see Doe Decl. ¶¶ 6-9, Ex. 1), and did so again when questioned by the Court at the hearing, "any agreement of the guardian is advisory only," Werner v. Levine, 52 Misc. 2d at 654-55, 276 N.Y.S.2d at 271, and "in the last analysis[,] the amount of the fee must be fixed by the court." Id. at 654, 276 N.Y.S.2d at 271.

Plaintiffs' counsel submitted a sworn declaration, along with contemporaneous time records in accordance with the holding in N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that an attorney "who applies for court-ordered compensation . . . must document the application with contemporaneous time records . . . . specifiy[ing], for each attorney, the date, the hours expended, and the nature of the work done"). (See Kubitschek Decl., Ex. 2). The time records describe the services rendered in connection with this case, indicating which attorneys worked on the matter, the date services were

performed, a description of the services performed, the hours spent in performing the services, the hourly rates charged and the total amount. (See id.)

These records indicate that Lansner & Kubitschek billed for 186.55 hours, for a total of $44,511.25. (See id., Ex. 2). The firm has reduced the fees that it has billed for by approximately 50%, to the $22,000 that they request as part of the settlement package. (See id. ¶ 9). However, that figure, even after Lansner & Kubitschek's reduction, represents 40% of the total settlement of $55,000. This percentage is higher than the one-third that is customarily awarded to attorneys in infant compromise proceedings. See, e.g., Werner v. Levine, 52 Misc. 2d at 654, 276 N.Y.S.2d at 271 (noting "[t]here is an unwritten rule that compensation [for counsel] in infants' cases never exceeds one-third [of the total settlement amount])."

In their proposed order, plaintiffs suggest that the Court find this higher than customary portion of fees "reasonable in light of the time required, the novelty of the issues, the benefits received by the clients, and the uncertainty of compensation." (Proposed Order at 2 n.1). At the infant compromise hearing, plaintiffs expounded upon the non-monetary relief that had been achieved for plaintiffs. Specifically, on November 1, 2006, plaintiffs obtained a preliminary injunction ("Injunction") that restrained "defendants and their agents and employees . . ., except on order of this court or a state court (or in an emergency, until a court order can be obtained) . . . from: 1. entering plaintiff's apartment; 2. removing the infant from plaintiff's custody; 3. commencing child protective proceedings against plaintiff in the New York Family Court; and 4. conducting body searches and strip searches of the infant plaintiff." (Injunction). Defendants agreed in the stipulation of settlement to similar terms to those ordered by the Injunction.

These factors, along with the time records that were submitted to the Court by Lansner &

Kubitschek, setting forth the dates and amount of time during which services were rendered, and a description of services performed, are sufficient to entitle plaintiffs' counsel to somewhat more than one-third of the total settlement.[4] However, the Court finds that fees representing 40% of the total settlement would be excessive, and not in the best interests of the infant plaintiff.

Accordingly, the Court Orders the total settlement to be divided as follows: Wendy Doe shall receive $16,500, in keeping with the terms of the proposed settlement order; Baby Doe will receive $18,500 to be placed in trust as detailed above; and Lansner & Kubitschek shall receive $20,000 for all attorneys' fees & costs, representing 36.36% of the settlement. Although this allocation results in Lansner & Kubitschek receiving more than the traditional one-third in fees, the Court finds this amount to be warranted by the extent of work done on the case, and by the important non-monetary relief attained on behalf of plaintiffs.

CONCLUSION

Based upon a review of the declarations of counsel and of Wendy Doe, this Court approves the modified settlement allocating $16,500 to Wendy Doe, $18,500 to Baby Doe, and

_____

[4]This Court has recommended reductions in attorneys' fees to Lansner & Kubitschek in prior cases due to excessive hourly rates, and flawed billing records that contained entries which were vague, redundant, or improperly described multiple events in single block entries, making it difficult for the Court to determine the reasonableness of the time spent on each task. See, e.g., Nicholson v. Williams, No. 00 CV 2229 (E.D.N.Y. April 2, 2004) (reducing hourly rates for attorneys and reducing fees across the board by 15% for vagueness, redundancy and block billing). The Court notes that the records submitted by Lansner & Kubitschek in this matter suffer from similar deficiencies. (See Kubitschek Decl., Ex. 2). However, the fees here have been reduced by more than 50%, an amount which more than adequately redresses flaws in the billing records.

$20,000 to Lansner & Kubitschek, based on the Court's finding that the modified settlement is fair, that the infant's rights have been adequately protected and that the fees provided to counsel are reasonable.

**SO ORDERED.**

Dated: Brooklyn, New York
August 14, 2007

_____/s/_____
Cheryl L. Pollak
United States Magistrate Judge